RECEIVED
IN ALEXANDRIA, LA.

FEB - 5 2013

TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **EDDIE DEE WALLACE** | DOCKET NO. 12-cv-1997; SEC. P |
| **VERSUS** | JUDGE DRELL |
| **SHERIFF VICTOR JONES** | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff Eddie Dee Wallace, pro se and in forma pauperis. Wallace is an inmate in the custody of the Louisiana Department of Corrections (LDOC), and he is housed at Natchitoches Parish Detention Center (NPDC) in Natchitoches, Louisiana. Plaintiff seeks injunctive relief. He alleges numerous general violations of the constitutional rights of all inmates at NPDC.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Facts Alleged*

Plaintiff filed the instant lawsuit alleging unconstitutional conditions of confinement at NPDC to which he and other inmates are subjected. Plaintiff was ordered to submit an amended complaint, in which he complains that he has not had his teeth cleaned by a dentist or hygienist in the four years that he has been at NPDC. He complains that this denies him access to proper medical care and constitutes cruel and unusual punishment. He also alleges that he is in need of an unidentified "treatment" for Hepatitis. He states

that this treatment is provided at other DOC facilities, but is not provided at NPDC. Plaintiff claims that the lack of this unspecified treatment will cause damage to his skin, eyesight, and kidneys.

Plaintiff alleges that he is fearful of "this facility's security operation" because officers sleep during shifts or miss shifts entirely. He claims that this makes attacks easier.

Finally, Plaintiff claims that "mold and funguses has cause numerous outbreaks on himself and other inmates."

Plaintiff seeks a declaration that the acts and omissions as described in the amended complaint violate Plaintiff's rights under the Constitution and laws of the United States; a preliminary and permanent injunction ordering defendant to monitor and stop the officers from womanizing and doing discriminatory acts of job placement. He also asks that he be transferred because "this facility's law library is outdated on its books." Additionally, Plaintiff seeks compensatory damages of $1 million dollars and punitive damages of $1 million dollars.

### Law and Analysis

1. Sheriff

Plaintiff names Sheriff Jones as the defendant. Section 1983 authorizes suits for damages against any person who acts under color of state law to deprive another person of his constitutional rights. In a suit against a government official in his individual

capacity, the complainant must allege specific conduct giving rise to a constitutional violation. See Stringer v. Alben, 89 Fed.Appx. 449, 452 (5th Cir. 2004)(citing Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002)). A claim against a government official in his official capacity is a claim against the parish because a parish or municipality may be liable under §1983 *if an official policy or custom caused the deprivation* of a constitutional right. See Stringer, 89 Fed.Appx. at 452 (citing Bennett v. Pippin, 74 F.3d 578, 584 (5th Cir. 1996); Monell v. Department of Social Servs. of City of New York, 436 U.S. 658, 694 (1978)).

Plaintiff does not allege that any official policy or custom of Sheriff Jones caused a deprivation of rights. Instead, he states that Sheriff Jones is liable because he is "legally responsible [for] the overall operation of the Center...." However, the Sheriff cannot be held liable pursuant to Section 1983 on a respondeat superior theory. See Monell, 436 U.S. at 694.

Moreover, as set forth below, Plaintiff does not allege any personal involvement by Sheriff Jones regarding each of his claims.

2.  Medical Care

To state a claim under §1983 for the denial of adequate medical care, a prisoner must allege "acts or omissions sufficiently harmful to evidence **deliberate indifference** to **serious medical needs**." Estelle v. Gamble, 429 U.S. 97 (1976)(emphasis added). A serious medical need is one for which treatment has been

recommended or for which the need is so apparent that even laymen would recognize that care is required. See Gobert v. Caldwell, 463 F.3d 339, 345, n.12 (5th Cir. 2006); Hill v. Dekalb Regional Youth Detention Center, 40 F.3d 1176, 1187 (11th Cir.1994), *abrogated on other grounds by* Hope v. Pelzer, 536 U.S. 730 (2002).

A.   Professional Teeth Cleaning

Teeth cleaning is a preventative measure, not a serious medical need. See Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002)(The lack of routine teeth cleaning does not constitute deliberate indifference to serious medical needs.); Holly v. True, 1992 WL 159318 (N.D.Ill. 1992); Dean v. Coughlin, 623 F. Supp. 392, 404 (S.D.N.Y. 1985)(no right to preventative dental care); see also Grubbs v. Bradley, 552 F. Supp. 1052, 1129 (M.D. Tenn. 1982) (holding that delay of a prisoner's access to routine and preventive dental care is not "deliberate indifference"). Plaintiff's amended complaint does not allege any serious dental problems for which he needs treatment, nor does he allege that he is being deprived of treatment for any serious medical need related to his dental health.  Finally, he does not allege deliberate indifference by any defendant.

B. Hepatitis C

Next, Plaintiff claims that he needs some unspecified treatment for Hepatitis C, which is "vital" and is provided at another D.O.C. facility.  Plaintiff claims that the lack of the

4

unidentified treatment is causing him pain and suffering. Even if the care Plaintiff is receiving is inadequate, it is clear that not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

Despite being ordered to provide additional information, specifically, the name or identity of each person that allegedly violated Plaintiff's constitutional rights, the place and date of each violation, and the injury sustained, Plaintiff fails to provide such information with regard to his "Hepatitis C claim". He concludes that he needs some treatment that he believes is provided at other facilities. However, Plaintiff has presented no facts to support his conclusion. Moreover, Plaintiff does not allege that anyone is *deliberately disregarding* his condition. He states that the "treatment" is not available at his facility.

3. Transfer

Although Plaintiff asks that he be transferred to another

5

facility, an inmate has no constitutional right to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-225 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982).

4. Conditions of Confinement

Plaintiff complains that officers sleep during shifts or miss shifts entirely. He claims that this makes attacks easier. Plaintiff's allegation does not present the violation of any of his constitutional rights. Plaintiff's claim also fails because he does not allege "physical injury" sufficient to support his claim for monetary damages. The Prison Litigation Reform Act of 1996 includes the following requirement in 42 U.S.C. § 1997e(e): "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." (Emphasis added).

Plaintiff also claims that "mold and funguses has cause numerous outbreaks on himself and other inmates." Plaintiff's allegation is conclusory and does not allege any act of deliberate

6

indifference by any defendant.

5.  Injunctive relief

In addition to compensatory damages, Plaintiff seeks injunctive relief. Such relief is an extraordinary remedy which requires the movant to unequivocally show the need for its issuance. <u>Allied Mktg. Group, Inc. v. CDL Mktg., Inc.</u>, 878 F.2d 806, 808 (5th Cir. 1989), appeal after remand, 915 F.2d 1567 (5th Cir.1990). Except in extreme circumstances, the federal courts are reluctant to interfere with matters of prison administration and management. See <u>Young v. Wainwright</u>, 449 F.2d 338, 339 (5th Cir. 1971). To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. See <u>Planned Parenthood of Houston & Southeast Texas v. Sanchez</u>, 403 F.3d 324, 329 (5th Cir. 2005). For a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. See <u>Dresser-Rand Co. v. Virtual Automation Inc.</u>, 361 F.3d 831, 847 (5th Cir. 2004)(citing <u>Amoco Prod. Co. v. Village of Gambell</u>, 480 U.S. 531, 546 n. (1987) (recognizing that the standard for a permanent injunction is

7

essentially the same as for a preliminary injunction with the exception that the plaintiff must show actual success on the merits rather than a mere likelihood of success)).

Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir.1985). Emphasizing its extraordinary character, the Fifth Circuit has cautioned that an injunction "should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." PCI Transportation Inc. v. Fort Worth & Western Railroad Co., 418 F.3d 535, 545 (5th Cir. 2005)(citations omitted). Plaintiff has not alleged facts that indicate a substantial likelihood that he will prevail on the merits. He does not allege a substantial threat that he will suffer irreparable injury if the injunction is not granted. In fact, he has not presented allegations of any threatened injury.

## Conclusion

Accordingly, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED AND DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted, in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days**

8

from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 4th day of ~~January~~ February 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE